**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

ROLANDO ALEXIS GARCIA CANO

VERSUS

CENTRAL LOUISIANA ICE
PROCESSING CENTER, ET AL.

CIVIL ACTION NO. 26-1996

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE LEBLANC

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order (Record Document 3) filed by the habeas petitioner in this case, Rolando Alexis Garcia Cano ("Petitioner").

According to the Petition, Petitioner and his family entered the United States and sought asylum, withholding of removal, and protection under the Convention Against Torture. See Record Document 1 at 7. After an Immigration Judge denied those requests and entered a final order of removal, Petitioner sought review before the Board of Immigration Appeals ("BIA"). See id. The appeal was ultimately dismissed as untimely due to alleged errors by prior counsel. See id. Petitioner thereafter sought reopening or reissuance of the Immigration Judge's decision to restore his opportunity to pursue a timely appeal. See id. at 7–8. The Immigration Judge denied that request, and Petitioner currently has an appeal of that decision pending before the BIA. See id.

The Petition further alleges that ICE previously released Petitioner and his family on parole. See id. at 9. However, when the family appeared for a routine ICE check-in in June 2026, ICE terminated their parole, released Petitioner's wife and children under orders of supervision, and detained Petitioner. See id. Petitioner was subsequently transferred to the Central Louisiana ICE Processing Center. See id. at 10. He now seeks

habeas relief pursuant to 28 U.S.C. § 2241, arguing that his detention violates due process and that Respondents failed to provide any individualized basis for detaining him while allowing the remaining members of his family to remain at liberty. Petitioner's Emergency Motion for Temporary Restraining Order (Record Document 3) requests immediate release from immigration detention. Alternatively, Petitioner requests that the Court maintain the status quo by prohibiting Respondents from removing or transferring him during the pendency of this proceeding.

Petitioner's request in the instant Motion is one for injunctive relief.  An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017).  Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under

2

'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks injunctive relief that mirrors the relief requested in his Habeas Petition, that is, immediate release.  Recently, another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes."  Lackey v. Stinnie, 604 U.S. 192, 200 (2025).  In other words, they should not be used to rule on the final, merits question.
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered.  Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong.  . . .  Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026).  A ruling on the instant Motion should not resolve the legal disputes in this case.  Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025). The Court declines to grant such extraordinary relief where the issues raised in the Motion

3

substantially overlap with the claims presented in the Petition and can be addressed through the ordinary habeas review process.

Petitioner seeks a stay of removal while his Habeas petition remains pending. However, even if framed as seeking to preserve the status quo, a request for stay of removal is a challenge to a removal order.  See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).  Thus, this Court is without jurisdiction to grant Petitioner's request for stay of removal.  See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

As for Petitioner's request that the government be prohibited from transferring him, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner has failed to show a likelihood that he will be transferred to another facility, and the Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

4

Accordingly,

Petitioner's Emergency Motion for Temporary Restraining Order (Record Document 3) is hereby **DENIED**.

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of June, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE